## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| MADISON B. TURNER<br><br>Plaintiff,<br><br>v.<br><br>ILG TECHNOLOGIES, LLC, et al.,<br><br>Defendants. | Case No. 21-cv-04192-NKL |

## ORDER

Defendants ILG Technologies, LLC and its two member-managers, Baris Misman and Joseph Figo, (together, "ILG" or "Defendants"), ask this Court to quash pro se Plaintiff Madison Turner's service of process and deny the pending Motion for Default Judgment. *See* Doc. 13 (Motion to Quash Service of Process); Doc. 14 (Opp'n to Mot. for Entry of Default and Default Judgment). As explained below, Ms. Turner failed to comply with Federal Rule of Civil Procedure 4(c)(2), requiring service be made by "any person who is at least 18 years old *and not a party*[.]" Fed. R. Civ. P. 4(c)(2) (emphasis added). Because Ms. Turner served all three Defendants herself, service was deficient.[1] ILG's Motion to Quash is GRANTED. The summons that was returned is stricken and the Complaint is dismissed without prejudice. Ms. Turner shall have 60 days to refile

---

[1] Because the Court finds service was deficient under Rule 4(c)(2), the Court need not address Ms. Turner's arguments related to the sufficiency of service under Rules 4(d), 4(e), and 4(f) including her argument that, by signing a "Notice of Acknowledgment for Service by Mail" on ILG's behalf, Mr. Figo accepted service in his individual capacity. At bottom, because Ms. Turner attempted to serve the Defendants herself, and because no Defendant waived any deficiency in the service of process, service was deficient.

her complaint[2] and properly serve any defendant consistent with Rule 4. Finally, because ILG was not properly served, Ms. Turner's pending Motion for Entry of Default and Default Judgment, Doc. 8, is DENIED.[3] Since Ms. Turner's Complaint is dismissed, her Motion for the Revocation of Pro Hac Vice Admission, Doc. 9, is DENIED as moot.[4]

## I. BACKGROUND

At all times relevant to Ms. Turner's claims, ILG was an independent contractor engaged by the Florida Board of Bar Examiners to provide software permitting portions of the Florida Bar Exam to be completed in a secure offline electronic format. Ms. Turner alleges that, because of ILG's actions, its technology failed, causing the August 19, 2020, Florida Bar Exam to be cancelled. As a result, Ms. Turner alleges she incurred various types of damages.

Ms. Turner filed her four-count Complaint on October 12, 2021. Ms. Turner affirms that she personally served all three Defendants with "a true copy of the Civil Cover Sheet, Summons In a Civil Action, Complaint, two copies of the Notice And Acknowledgement For Service by Mail, and a return envelope with prepaid postage[.]" Doc. 6 (Proof of Service), at ¶¶ 2–4. On October 22, 2021, Defendant ILG received a Notice and Acknowledgement for Service by Mail

---

[2] Ms. Turner need not repay the filing fee if she chooses to refile. She may contact the Clerk's Office for instructions.

[3] In opposing Ms. Turner's Motion for Default, ILG argues that Ms. Turner failed to join an indispensable party, the Florida Board of Bar Examiners, and that joinder would destroy the complete diversity required by 28 U.S.C. § 1332(a) for this Court to assert subject matter jurisdiction. ILG also suggests that Defendant Baris Misman may be a citizen of Florida, and its investigation is ongoing. If true, this also would destroy diversity. However, as the Court is dismissing the complaint without prejudice for failure to timely effect service, the Court need not consider this argument.

[4] The Court will not exercise its inherent authority to sanction Ms. Turner, as requested by the Defendants in their opposition to Ms. Turner's Motion to Strike Pro Hac Vice Admission. *See* Doc. 20, at 12.

(the "ILG Notice"). *See e.g.*, Doc. 6-2 (ILG Notice). Prior to obtaining counsel, Joseph Figo, as ILG's Executive Vice President, signed and returned the ILG Notice to Ms. Turner. That same day, Defendant Misman received the same Notice, but did not sign it. Defendant Figo received his own Notice; he did not sign it. The form signed on behalf of ILG did not purport to waive any objection or defense relating to defective service of process. *See e.g.*, Doc. 6.

On November 12, 2021, counsel for ILG filed a Notice of Limited Appearance for the purpose of challenging Plaintiff's service attempt. *See* Doc. 5 (Notice of Appearance). The same day, Ms. Turner filed her proof of service documentation. *See* Doc. 6.

On November 22, 2021, Ms. Turner filed a joint Motion for Entry of Default and Default Judgment as to all defendants. *See* Doc. 8. On November 6, 2021, all defendants filed both a motion challenging the sufficiency of service and an opposition to Ms. Turner's Motion for Default. *See* Doc. 13 (Motion to Quash); Doc. 14 (Defendants' Opp'n to Mot. For Default Judgment).

## II. DISCUSSION

### A. Whether Service was Proper

Federal Rule of Civil Procedure 4 governs how, and by whom, service of process is properly executed on a defendant. Any person who is at least 18 years old and not a party may serve a summons and complaint. Fed. R. Civ. P. 4(c)(2). When sufficiency of service is challenged, the serving party bears the burden of establishing that service was proper. *Cheeks v. Belmar*, 331 F.R.D. 499, 504 (E.D. Mo. 2019).

"Notice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir.

1996) (*citing Printed Media Servs. v. Solna Web, Inc.*, 11 F.3d at 843); *Belmar*, 331 F.R.D. at 504 ("If a defendant is not properly served, a federal court lacks jurisdiction over that defendant whether or not he or she has actual notice of the suit.").

Ms. Turner has not properly served ILG or either of the individual defendants. While Ms. Turner spends most of her argument justifying the manner in which she served the Defendants, Rule 4(e) and Rule 4(f), governing how service may be made, do not alter Rule 4(c)(2)'s restrictions on *who* may effectuate service. *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 353 (D.D.C. 2020) (citing *Olson v. FEC*, 256 F.R.D. 8, 10 (D.D.C. 2009)). And, pursuant to Rule 4(c)(2), a party to a lawsuit is not qualified to effect service. Fed. R. Civ. P. 4(c)(2). "This rule applies even when a plaintiff personally attempts to serve a defendant by mail[,]" and even if the underlying state law may permit service by a party. *Johnson-Richardson*, 334 F.R.D. at 353 (citing *Olson*, 256 F.R.D. at 10); *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."); *Lambros v. United States*, No. 19-CV-1870, 2020 WL 5505909, at *6 (D. Minn. July 20, 2020) ("Even assuming [Plaintiff] met the service requirements of Rule 4(i)(1), his act of mailing the Summons and Complaint via certified mail himself does not meet the requirements for effective service under Rule 4(c)(2)."), *aff'd*, 850 F. App'x 464 (8th Cir. 2021); *Hamilton-Warwick v. U.S. Bancorp*, No. CV 15-2730, 2016 WL 740257, at *2 (D. Minn. Feb. 24, 2016) ("Here, [Plaintiff's] attempt at service was ineffective because she is a party to the action and nonetheless attempted to serve the defendants herself—she did not use a third-party process server.").

Ms. Turner admits she personally attempted to serve all three defendants by mail. Regardless of the specific method she chose to serve the defendants under Rule 4, under Rule

4(c)(2), she could not personally effectuate service. *Constien*, 628 F.3d at 1213. By placing the summons and related documents in the mail, Ms. Turner attempted to serve the defendants herself; it is not enough that the mail carrier delivered the documents to the Defendants. *Id.* Because Ms. Turner, and not a nonparty, attempted service by mail, service was not proper. *See, e.g.*, *Constein*, 628 F.3d at 1217. Finally, while Mr. Figo did sign and return the ISG Notice, it did not comply with Rule 4(d)(1)(D), nor did it purport to waive, or even mention the waiver of, any of the formal requirements of service of process. *See, e.g.*, Doc. 6-2. Thus, none of the Defendants were properly served.

### B. Motion for Default and Default Judgment

Federal Rules of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "[b]efore a default may be entered, the party to be defaulted must have been properly served with process." *Hallquist v. United Home Loans, Inc.*, No. 11-04265-NKL, 2012 WL 393359, at *1 (W.D. Mo. Feb. 6, 2012) (citing *Scott v. District of Columbia*, 598 F.Supp.2d 30, 36 (D.D.C. 2009)).

Because the defendants were not properly served and formal service of process was not waived, default cannot be entered, and the Motion for Entry of Default and Default Judgment must be denied.[5] *Hallquist*, 2012 WL 393359, at *1 (citing *Scott*, 598 F.Supp.2d at 36).

### C. Whether Ms. Turner is Entitled to Costs

Ms. Turner asks the Court to "award Plaintiff a generous sum to be paid . . . in order to

---

[5] Because service was not proper, the Court need not address the propriety of filing a joint motion seeking both an entry of default and default judgment.

5

front the costs of all expenses related to Plaintiff retaining an experienced, international process server to locate and serve said Defendant(s)." Doc. 19 (Opposition to Motion to Quash), at 9. Defendants are not required to advance the costs of service to a plaintiff; instead, the Federal Rules permit a plaintiff to seek reimbursement *after* expenses related to service of process are incurred, and even then, only when a defendant refuses to waive formal service. *See* Fed. R. Civ. P. 4(d)(2). While Ms. Turner did send all three Defendants a Notice and Acknowledgment for Service by Mail form, that form does not qualify as a formal request for a waiver under Rule 4(d)(1). The Rule specifies how a request for a waiver must be made—and indeed mandates that a specific form be used. *See* Fed. R. Civ. P. 4(d)(1)(D). Ms. Turner did not send the required form. And the form she did use did not request, or even mention, waiving service of process or the consequences for refusing to sign a waiver. *See, e.g.*, Doc. 6-2. Ms. Turner's request for fees thus must be denied.

## III.    CONCLUSION

For the reasons discussed above, Defendants' motion to quash, Doc. 16, is GRANTED. Ms. Turner's Proof of Service, Doc. 6, is stricken and the complaint is dismissed without prejudice. Because service was not proper, Ms. Turner's Motion for Default Judgment, Doc. 8, is DENIED. Ms. Turner may, within 60 days, file an amended complaint and properly serve all three defendants pursuant to the Federal Rules of Civil Procedure. Ms. Turner is not, at this juncture, entitled to any costs related to service. Ms. Turner's Motion for Revocation of Pro Hac Vice Admission, Doc. 9, is DENIED as moot.

Dated:  12/29/2021
Jefferson City, Missouri

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

6