IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MADISON B. TURNER,

    Plaintiff,                                          Case No.: 2:21-cv-04192-NKL

v.

ILG TECHNOLOGIES LLC,

    Defendant.

_____/

**PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT**

        Madison B. Turner ("Plaintiff"), proceeding *pro se*, hereby files Plaintiff's Rule 59(e) Motion To Alter Or Amend Judgment with supporting suggestions and respectfully moves for reconsideration of the portions of the Court's order (Doc. 87) dismissing Plaintiff's negligence claim (Count I), negligent infliction of emotional distress claim (Count II), and claim for promissory estoppel (pled in the alternative). Plaintiff seeks this relief under Fed. R. Civ. P. 59(e) and respectfully asks the Court to vacate the dismissal of Plaintiff's claims against Defendant, ILG Technologies LLC ("Defendant or ILG"), reopen the case, and instruct the parties as to next steps. Plaintiff preserves her right to appeal the Court's final judgment (Doc. 87) pursuant to the timeline provided in Fed. R. Civ. P. 4(a)(4)(A)(iv).

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................2

TABLE OF AUTHORITIES............................................................................................3

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................................6

LEGAL STANDARD......................................................................................................7

ARGUMENT ...................................................................................................................8

    **I. Plaintiff is eligible for the relief she seeks under Fed. R. Civ. P. 59(e).**................8

        A. Plaintiff is not seeking to introduce new evidence..................................................8

        B. Plaintiff is not attempting to tender new legal theories...........................................9

        C. Plaintiff is reasserting arguments which were offered or raised prior to entry of judgment……...............................................................................................................10

    **II. The Court should vacate dismissal of Plaintiff's claims under Fed. R. Civ. P. 59(e) because the Court made manifest errors of fact and law in concluding that Plaintiff's claims against ILG were barred by a "contract" between the parties** .....11

        A. ILG failed to establish the existence of a valid contract offer by a preponderance of the evidence...............................................................................................................12

        B. ILG failed to establish the element of acceptance by a preponderance of the evidence..........................................................................................................................14

        C. As a matter of law, ILG cannot establish consideration.........................................16

        D. ILG failed to establish sufficient specification of essential terms.........................18

CONCLUSION...............................................................................................................19

CERTIFICATE OF SERVICE…....................................................................................20

# TABLE OF AUTHORITIES

**CASES**

*Ardell, Inc. v. Lochiel Expeditions, LTD*, 15-60907-CIV, 2016 WL 11600761, at *3 (S.D. Fla. Oct. 21, 2016)..................................................................................................17

*Arnold v. Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010)..........................................7

*Boergert v. Kelly Services, Inc.*, 2:15-CV-04185-NKL, 2017 WL 440272, at *2 (W.D. Mo. Feb. 1, 2017)..................................................................................................7

*CEFCO v. Odom*, 278 So. 3d 347, 352 (Fla. 1st DCA 2019)..........................................11

*Cmty. Bank of Ozarks v. McKenzie*, 90-0621-CV-W-9, 1992 WL 457513, at *6 (W.D. Mo. Apr. 6, 1992)..................................................................................................17

*Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010).....................................12

*Conrod v. Davis*, 120 F.3d 92, 95 (8th Cir. 1997)............................................................7

*Cont'l Indem. Co. v. IPFS of N.Y., LLC*, 7 F.4th 713, 717 (8th Cir. 2021).......................7

*Dye v. Tamko Bldg. Products, Inc.*, 908 F.3d 675, 680 (11th Cir. 2018).......................13

*Ennis v. McLaggan*, 608 S.W.2d 557, 561 (Mo. App. 1980).........................................17

*F.L. Stitt & Co. v. Powell*, 94 Fla. 550, 114 So. 375 (1927)...........................................16

*Glob. Network Techs., Inc. v. Reg'l Airport Auth. of Louisville & Jefferson Cty.*, 122 F.3d 661, 665 (8th Cir. 1997)..................................................................................................7

*Huffman v. United States*, 2:20-CV-04079-NKL, 2022 WL 212414, at *1 (W.D. Mo. Jan. 24, 2022)..................................................................................................7

*Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)..................................................................................................7

*Kolodziej v. Mason*, 774 F.3d 736, 741-42 (11th Cir. 2014)..........................................13

*Landmark N. Cnty. Bank & Tr. Co. v. Nat'l Cable Training Centers, Inc.*, 738 S.W.2d 886, 891 (Mo. Ct. App. 1987)..................................................................................................17

*Lutz v. LexJax, Inc.*, 3:21-CV-936-TJC-PDB, 2022 WL 2703421, at *2 (M.D. Fla. July 12, 2022)...18

*Milburn v. Kijakazi*, 20-00918-CV-W-WBG, 2022 WL 17732328, at *1 (W.D. Mo. Aug. 5, 2022)..................................................................................................................................7

*Monahan v. WHM, LLC*, 09-80198-CIV, 2010 WL 11504336, at *5 (S.D. Fla. Mar. 18, 2010)..........13

*O'Brien v. Dekalb-Clinton Ctys. Ambulance Dist.*, 94-6121-CV-SJ-6, 1996 WL 565817, at *2 (W.D. Mo. June 24, 1996)..........................................................................................................7

*Palm Garden of Healthcare Holdings, LLC v. Haydu*, 209 So. 3d 636, 638 (Fla. 5th DCA 2017).....11

*Schneir v. State*, 43 So. 3d 135, 137–38 (Fla. 3d DCA 2010)......................................................16

*Schumacher v. SC Data Center, Inc.*, 2:16-CV-04078-NKL, ECF No. 109 at *1 (W.D. Mo. Sept. 3, 2019).............................................................................................................................7

*St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)........................................................11, 12

*Tipper v. Great Lakes Chemical Co.*, 281 So. 2d 10, 13 (Fla. 1973)...............................................13

*Trout v. Apicella*, 78 So.3d 681, 684 (Fla. 5th DCA 2012)............................................................14

*U.S. Bank v. Lewis*, 326 S.W.3d 491, 495 (Mo. App. S.D. 2010)...................................................11

*United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)..........................7

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)...............................................11

*Vision Palm Springs, LLLP v. Michael Anthony Co.*, 272 So. 3d 441, 444 (Fla. 3d DCA 2019).......14

*Vitale-Renner v. Sixt Rent-A-Car, LLC*, 20-62289-CIV, 2022 WL 18023252, at *6 (S.D. Fla. July 5, 2022).............................................................................................................................11-12

*Wells v. Hartford Acc. & Indem. Co.*, 459 S.W.2d 253, 260 (Mo. banc 1970)................................16

*Whitworth v. McBride & Son Homes, Inc.*, 344 S.W.3d 730, 737 (Mo. Ct. App. 2011)..................11

**RULES**

Fed. R. Civ. P. 4(a)(4)(A)(iv)..................................................................................................1

Fed. R. Civ. P. 59(e)..........................................................................................................*passim*

**SECONDARY SOURCES**

Tina L. Stark, Drafting Contracts: How And Why Lawyers Do What They Do 9-10 (Wolters Kluwer 2d ed. 2014)................................................................................................................18

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed a four-count Complaint on October 12, 2021. *See*, Doc. 1. The Court dismissed Plaintiff's Complaint for lack of proper service. *See*, Doc. 24. Plaintiff subsequently filed an Amended Complaint naming only ILG as defendant and including just two counts, one for *res ipsa loquitor* and one for emotional distress, both premised on the same theory of negligence. *See*, Doc. 27. Upon ILG's motion, the Court found that venue in the Western District of Missouri was proper, but dismissed the Amended Complaint in full, granting Plaintiff leave to amend "if she c[ould] plead the additional facts necessary to support her theory of ILG's duty and breach of that duty." *See*, Doc. 60. Plaintiff then filed a Second Amended Complaint which sought to remedy all of the deficiencies identified by the Court in the prior order. *See*, Doc. 63. The Second Amended Complaint asserts claims for negligence and negligent infliction of emotional distress, premised on five theories about the duty that ILG owed, and one claim for promissory estoppel, pled "in the alternative." *Id*.

The Court retained jurisdiction but dismissed Plaintiff's Second Amended Complaint with prejudice on February 1, 2023, finding that a "contract" between the parties barred Plaintiff from proceeding with her three claims against ILG. *See*, Doc. 87 at 11.  The Court recognized that ILG had "previously denied the existence of any contract between it and Ms. Turner." *See*, Doc. 87 at 5, f.n. 1 (citing Doc. 14 at 14 ("ILG did not have a contract with Plaintiff…")).

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact[.]" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). The Court has "broad discretion in determining whether to grant a motion to alter or amend judgment[.]" *Huffman v. United States*, 2:20-CV-04079-NKL, 2022 WL 212414, at *1 (W.D. Mo. Jan. 24, 2022) (citing *Glob. Network Techs., Inc. v. Reg'l Airport Auth. of Louisville & Jefferson Cty.*, 122 F.3d 661, 665 (8th Cir. 1997)).

A motion to reconsider generally "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Boergert v. Kelly Services, Inc.*, 2:15-CV-04185-NKL, 2017 WL 440272, at *2 (W.D. Mo. Feb. 1, 2017) (citing *Arnold v. Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010)). If the district court believes that an earlier decision was reached in error, it may revisit the decision to avoid later reversal. *Schumacher v. SC Data Center, Inc.*, 2:16-CV-04078-NKL, ECF No. 109 at *1 (W.D. Mo. Sept. 3, 2019) (citing *Conrod v. Davis*, 120 F.3d 92, 95 (8th Cir. 1997)). A district court may exercise its discretion to consider supplemental evidence submitted in conjunction with a motion for reconsideration. *O'Brien v. Dekalb-Clinton Ctys. Ambulance Dist.*, 94-6121-CV-SJ-6, 1996 WL 565817, at *2 (W.D. Mo. June 24, 1996).

# ARGUMENT

I. **Plaintiff is eligible for the relief she seeks under Fed. R. Civ. P. 59(e).**

Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Milburn v. Kijakazi*, 20-00918-CV-W-WBG, 2022 WL 17732328, at *1 (W.D. Mo. Aug. 5, 2022) (citing *Cont'l Indem. Co. v. IPFS of N.Y., LLC*, 7 F.4th 713, 717 (8th Cir. 2021)).

## A. Plaintiff is not seeking to introduce new evidence.

Plaintiff is not seeking to introduce new evidence, but instead, is highlighting the *lack* of evidence that ILG has put forth to establish the existence of an enforceable "contract" between the parties. After all, ILG's prior admissions on the record provided evidence *refuting* the existence of an enforceable "contract," thus supporting the "no contract" theory instead. Such evidence appears to have been previously overlooked by the Court in reaching the decision to dismiss Plaintiff's claims against ILG based on the existence of a "contract."

Similarly, ILG objected to all of Plaintiff's discovery requests and refused to provide Plaintiff with *any* evidence. As a result, Plaintiff sought to obtain such evidence from third-parties by deposition, including evidence related to the "contract" she had allegedly entered into with ILG. *See*, Doc. 76-1 at 3. Plaintiff also requested a discovery hearing to raise arguments to the Court about Defendant's refusal to cooperate in discovery and how ILG's refusal to cooperate in discovery was impacting Plaintiff's ability to respond to Defendant's arguments about the alleged User Agreement & Download End-User License Agreement ("EULA") raised in Defendant's Second Motion To Dismiss (Doc. 67). The Court did not give Plaintiff the opportunity to raise these arguments at the discovery hearing on December 13, 2022, even though the opportunity to raise such arguments was one of the primary reasons that *Plaintiff*– not

ILG– had *requested* to schedule the hearing in the first place. The Court's decision to stay depositions precluded Plaintiff from obtaining records related to EULA from knowledgeable third-parties. *Compare,* Doc. 76-1 at 3 *with* Doc. 80.

The Court's failure to provide Plaintiff the opportunity to raise her arguments regarding ILG's refusal to cooperate in discovery during the discovery hearing held on December 13, 2022,[1] thus denied Plaintiff the opportunity to obtain relevant evidence prior to the Court's entry of final judgment (Doc. 87), and therefore, Plaintiff unfortunately did not have any new evidence to introduce prior to final judgment and she does not have any new evidence to introduce in support of this Motion. Plaintiff is eligible for relief under Fed. R. Civ. P. 59(e) because she is not attempting to introduce new evidence.

### **B. Plaintiff is not attempting to tender new legal theories.**

As the Court previously acknowledged, "[i]t has been clear from the outset of this litigation that Plaintiff s[eeks] to hold ILG responsible for deficiencies in the bar examination software it was to supply for the July/August 2020 Florida Bar Exam." *See,* Doc. 87 at 4. The "no contract" and the "no third-party contractual rights" legal theories *originated* with ILG. *See,* Doc. 11 at 2; Doc. 12 at 2, 13-14; Doc. 13 at 2; Doc. 14 at 2, 13-14; Doc. 32 at 2-3. Plaintiff's theory of negligence for both claims asserted in the Amended Complaint (Doc. 27) was asserted in context of ILG's "no contract" theory. *See,* Doc. 27 at 3, 10-14. ILG did not raise the "defense of contract" legal theory as a defense to Plaintiff's Amended Complaint. *See,* Doc. 32. The only

---

[1] *See*, Hr'g Tr. 3:16-5:5 (Court: "So now I'd like to turn to… the **discovery dispute that has been raised by the defendants**…I believe, **Mr. Bandre'**, that *you* had a number of things that you thought were inappropriate. So I'd like to give ***you*** an opportunity to address those, and let's just do a few of them, and maybe **we can get a sense of what the rulings on *all* of them will be**…") (emphasis added)). *See also*, Hr'g Tr. 28:6-31:12 (Court: "And maybe I should clarify… **I'm sorry. I *definitely* misunderstood that**… we will wait to have full briefing on the motion to dismiss, and then try to get that resolved as quickly as possible. Thank you, ladies and gentlemen.") (emphasis added)).

difference in the tort claims raised in Plaintiff's Second Amended Complaint (Doc. 63), versus the tort claims raised in Plaintiff's Amended Complaint (Doc. 27), is the amount of detail included in the pleadings, such as the factual allegations and alternative theories of duty of care. Plaintiff is eligible for relief under Fed. R. Civ. P. 59(e) because she is not attempting to tender new legal theories.

### C. Plaintiff is reasserting arguments which were offered or raised prior to entry of judgment.

Prior to the entry of judgment, Plaintiff: (1) argued against validity and enforceability[2] of the alleged EULA[3] in her Reply Suggestions (Doc. 72) opposing Defendant's Second Motion To Dismiss (Doc. 67); (2) dispatched process servers to serve subpoenas for depositions[4] to obtain evidence to refute ILG's "contract" theory; (3) requested a discovery dispute hearing regarding ILG's failure to cooperate in discovery and provided the Court and ILG with a copy of her proposed discovery motion; (4) filed a motion (Doc. 85) to file a proposed sur-reply (Doc. 85-1) after ILG did not provide any additional evidence of the "contract" in its reply (Doc. 82);

---

[2] *See*, Doc. 72 at 3-4 ("The filing of an amended complaint does not revive a right to present defenses that were available but not timely asserted. *Davis v. Buchanan Cnty. Missouri*, 5:17-CV-06058-NKL, 2019 WL 7116363, at *3 (W.D. Mo. Dec. 23, 2019) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1388 (3d ed. 2019); *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) ("[T]he filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint."); *E. Coast Test Prep LLC v. Allnurses.com, Inc.*, No. 15-3705 (JRT/JSM), 2016 WL 5109137, at *2, 2016 U.S. Dist. LEXIS 127532, at *3-5 (D. Minn. Sep. 19, 2016) (holding that defendant could not assert in motion to dismiss amended pleading a defense that was available prior to amendment of the pleading)))... case law is clear that *even if* the purported [agreement] is valid and enforceable, the Defendant's actions thus far in this litigation have waived its ability to invoke any alleged rights…")).

[3] *See*, Doc. 72 at 4, f.n. 2 ("**Defendant has not provided any actual records or documentation… in regards to the alleged waiver. Defendant relies on screenshots from 2022.** *See*, Doc. 67-1 at 4-8.") (emphasis added)).

[4] *See*, Doc. 76-1 at 3.

(5) specifically requested the opportunity to brief the Court on EULA issues in the proposed sur-reply[5]; and, (6) served additional discovery requests on Defendant which ILG objected to in full. In sum, Plaintiff is eligible for relief under Fed. R. Civ. P. 59(e) because she previously offered or raised arguments disputing the EULA prior to entry of final judgment.

**II.  The Court should vacate dismissal of Plaintiff's claims under Fed. R. Civ. P. 59(e) because the Court made manifest errors of fact and law in concluding that Plaintiff's claims against ILG were barred by a "contract."**

ILG claims the alleged "contract" between the parties "requires the application of Florida substantive law." *See*, Doc. 67 at 9; Doc. 87 at 10, f.n. 4 ("The contract provides that it is to be construed in accordance with Florida law."). Under Florida law, "to show the existence of a contract, a party must prove (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)). The "party seeking enforcement of an agreement has the burden of establishing that an enforceable agreement exists." *CEFCO v. Odom*, 278 So. 3d 347, 352 (Fla. 1st DCA 2019) (citing *Palm Garden of Healthcare Holdings, LLC v. Haydu*, 209 So. 3d 636, 638 (Fla. 5th DCA 2017)). See also, *Whitworth v. McBride & Son Homes, Inc.*, 344 S.W.3d 730, 737 (Mo. Ct. App. 2011) (citing *U.S. Bank v. Lewis*, 326 S.W.3d 491, 495 (Mo. App. S.D. 2010) ("As the party asserting the existence of a valid and enforceable contract…the Defendants bore the burden of proving that proposition."))). The party seeking enforcement of the contract "must prove these elements by a **preponderance of the evidence**" (emphasis added). *Vitale-Renner v. Sixt Rent-A-Car, LLC*,

---

[5] *See*, Doc. 85-1 at 1 ("Plaintiff respectfully asks the Court to request briefing from the parties as to the issue of enforceability of the alleged User Agreement & Download End-User License Agreement ("EULA")[.]").

20-62289-CIV, 2022 WL 18023252, at *6 (S.D. Fla. July 5, 2022) (citing *St. Joe Corp.*, 875 So. 2d at 381)).

As a matter of law, it was ILG's burden to establish, by a preponderance of the evidence, each of the four elements of a contract under Florida law– (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms– in order for this Court to recognize the existence of a "valid and enforceable contract" between the parties. As a matter of law, the Court improperly shifted Defendant's burden to Plaintiff and essentially dismissed Plaintiff's claims based on Plaintiff's failure to ***disprove*** the existence of the alleged "contract." Additionally, in shifting the burden to Plaintiff to disprove the existence of the "contract," the Court failed to "accept[] the allegations contained in the complaint as true and draw[] all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010). ILG did not establish the existence of all four elements for contract formation by a preponderance of the evidence, and the Court did not draw all reasonable inferences in favor of Plaintiff, the nonmoving party. The Court's dismissal of Plaintiff's claims based on the existence of the alleged "contract" constitutes manifest error of law, and the Court should vacate dismissal of Plaintiff's claims.

### A. ILG failed to establish the existence of a valid contract offer by a preponderance of the evidence.

A valid contract offer must be clear, definite, and communicated to the other party. Under Florida law, when analyzing whether an offer exists for purposes of contract formation, "settled principles give rise to two fundamental inquiries: (1) would a reasonable, objective person have understood an offer as an invitation to contract, and (2) did that person's words and acts, judged by a reasonable standard, manifest an intention to agree? In considering these questions, a court must examine the content of the offer, the circumstances in which the offer was made, and the

12

Case 2:21-cv-04192-NKL   Document 89   Filed 03/01/23   Page 12 of 20

conduct of the parties[.]" *Dye v. Tamko Bldg. Products, Inc.*, 908 F.3d 675, 680-81 (11th Cir. 2018) (citing *Kolodziej v. Mason*, 774 F.3d 736, 741-42 (11th Cir. 2014)).

The only evidence of an "offer" that ILG has provided is the email that Plaintiff received from Joseph Figo, ILG member-manager, on July 1, 2020. *See*, Doc. 67-1 at 17. The email states:

> "Dear Applicant,
>
> The Florida Board of Bar Examiners, with the approval of the Supreme Court of Florida, announced that the in-person administration of the General Bar Examination scheduled for July 28 and 29, 2020, in Tampa and Orlando, is canceled. In its place, the Board will administer an online bar examination on August 18, 2020. The Board has issued a press release with additional information.
>
> The Board will provide a second registration period for the August 18, 2020, examination. All applicants will be required to complete the registration for the August 18, 2020, examination regardless of your registration status for the July 28-29 examination. Any applicant that has already downloaded and installed ILG Exam360 will be required to download and install an update for the software, which will be available during the new registration period. At this time ILG Technologies does not have any additional information regarding the August 18, 2020, examination including when the registration period will open and close for the August 18, 2020, examination.
>
> While ILG Technologies understands you may have questions about these developments, we do ask that you not contact our offices as we will not be able to provide you with any additional information at this time. As new information regarding the registration period is provided you will be notified accordingly.
>
> Regards,
> Joseph Figo
> ILG Technologies Executive Vice President"

ILG's statement that "we do ask that you not contact our offices as we will not be able to provide you with any additional information at this time" directly contradicts the existence of a

valid contract offer. There is no way this email could be reasonably construed to constitute an "invitation to contract" seeing as the email explicitly asks Plaintiff *not* to contact ILG. There was no valid offer, and therefore, there is no valid contract. ILG failed to establish the element of "offer" by a preponderance of the evidence, and the Court should grant Plaintiff relief pursuant to Fed. R. Civ. P. 59(e).

### B. <u>ILG failed to establish the element of acceptance by a preponderance of the evidence.</u>

Florida contracts "require the assent of the parties." *Monahan v. WHM, LLC*, 09-80198-CIV, 2010 WL 11504336, at *5 (S.D. Fla. Mar. 18, 2010) (citing *Tipper v. Great Lakes Chemical Co.*, 281 So. 2d 10, 13 (Fla. 1973)). It is "axiomatic under Florida contract law that the acceptance of an offer that results in an enforceable agreement must be (1) absolute and unconditional; (2) identical with the terms of the offer; and (3) in the mode, at the place, and within the time expressly or impliedly stated within the offer." *Vision Palm Springs, LLLP v. Michael Anthony Co.*, 272 So. 3d 441, 444 (Fla. 3d DCA 2019) (citing *Trout v. Apicella*, 78 So.3d 681, 684 (Fla. 5th DCA 2012)).

Plaintiff does not remember seeing or accepting the terms during the repeated trial exams in the days and weeks leading up to the cancellation of the exam. This is not to say that Plaintiff did not see and accept such terms– she genuinely does not remember either way. Regardless, ILG has the burden of proof to establish, by a preponderance of the evidence, that Plaintiff did in fact accept the alleged EULA terms. ILG has failed to meet its burden of proof because ILG has failed to provide any legitimate, non-conclusory evidence[6] that Plaintiff accepted the terms of the

---

[6] ILG offers no records of Plaintiff's acceptance of the EULA terms, but instead, argues that Plaintiff would have had to accept the terms to proceed with the trial exams while the software nonetheless remained in development. *See*, Doc. 67-1 at 7, ¶ 34 ("Plaintiff alleges that she downloaded ILG's software, or updates thereto, on July 20, 2020, August 7, 2020, August 11, 2020, and August 15, 2020."). *See also*, Doc. 82 at 3 ("Plaintiff became subject to the EULA when she downloaded the software onto her computer and accepted the terms.").

EULA which it now seeks to enforce against her. Currently, the only "evidence" of Plaintiff's alleged acceptance of EULA terms in **2020** comes in the form of screenshots from the process for an examinee to accept the EULA terms in ***2022***:

> "All screenshots in this Declaration reflect how the download process appears to an individual downloading the software in 2022 and are provided solely for reference. However, the download process, and the acknowledgements required by an individual downloading the software, has not changed since 2020. The screenshots presented are substantially similar to what Plaintiff would have seen when completing the download process [in 2020]." *See*, Doc. 67-1 at 4, f.n. 1.

This lack of evidence must be considered in context of the ongoing software issues during the relevant time period when ILG claims that Plaintiff accepted the terms. The statewide live trial exam to test the software (with all users participating in real time to reflect exam day conditions) was originally scheduled for August 10, 2020, but it was postponed on August 9, 2020, due to unresolved technology issues. *See*, Doc. 33-10 at 10 ("The Board is working with ILG on issues that have been identified. The Live Trial Exam of the software scheduled for Monday afternoon, August 10, is postponed. The Board will update all applicants on the date and time of the Live Trial Exam as soon as possible."). The live trial exam was rescheduled for August 17, 2020, to test the final update of the software prior to the August 19, 2020, bar exam. *See*, Doc. 33-12 at 3. On August 16, 2020, at 10:51 pm ET, Plaintiff received an email saying the bar exam scheduled for August 19th was canceled, and "the live trial of the examination software scheduled for Monday, August 17 is also canceled." *See*, Doc. 33-14 at 2. Therefore, it is plausible[7] that ILG has not provided specific records of Plaintiff's alleged acceptance of the EULA terms because such evidence does not exist. After all, ILG objected to Plaintiff's pertinent

---

[7] *See*, Doc. 63-7 at 19 (screenshots of a Florida examinee's blank screen with only the header and sidebar appearing, along with the examinee's explanation of the screenshot: "ILG Support told me the lag was because I was not plugged in. I redid the trial exam with my laptop plugged in and had the same result.").

discovery requests. *See*, Doc. 76-3 at 4, ¶ 10 ( "'Document' means… agreements; contracts[.]"); *Id*. at 6, ¶ 14 ("'Agreement' means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons."); *Id*. at 14, ¶ 17 ("All documents relating to any litigation or potential litigation with any government entity or any examinee who used ILG's software[.]"); *Id*. at 14, ¶ 24 ("Any document that you may introduce into evidence or refer to at trial.")). It is not a stretch to consider the possibility that software issues from the relevant time period may be the reason for the lack of evidence. As demonstrated in Plaintiff's Second Amended Complaint (Doc. 63) and the attached Appendix B (Doc. 63-7), the technical issues with ILG's software in the days and weeks leading up to the (canceled) bar exam were extensive and undeniable. ILG's ID verification system processed the following images as matching the given examinee's license photo: a dog (Doc. 63-7 at 6), the back of someone's head (Doc. 63-7 at 7), a window (Doc. 63-7 at 8), a cup of orange juice (Doc. 63-7 at 9), a cat (Doc. 63-7 at 9), and a screenshot of a clown (Doc. 63-7 at 23). But the technical errors with the facial verification portion of the software constituted just a small percentage of the long list of the types of technical errors and software failures that Florida bar examinees were experiencing during ILG's trial exams for each new update to the software while it remained in development. *See*, Doc. 63-7 at 10-22. ILG has failed to establish the element of Plaintiff's "acceptance" by a preponderance of the evidence, and the Court should vacate dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 59(e).

    C. **As a matter of law, ILG cannot establish consideration.**

It "is well settled that a promise to perform what one is already required to do by an existing contract or otherwise is not valid consideration." *Schneir v. State*, 43 So. 3d 135, 137–38 (Fla. 3d DCA 2010) (citing *F.L. Stitt & Co. v. Powell*, 94 Fla. 550, 114 So. 375 (1927)). A

"promise to abide by the terms of an existing contract is not consideration[.]" *Ardell, Inc. v. Lochiel Expeditions, LTD*, 15-60907-CIV, 2016 WL 11600761, at *3 (S.D. Fla. Oct. 21, 2016). The burden of proving consideration is upon the party relying on the agreement. *Landmark N. Cnty. Bank & Tr. Co. v. Nat'l Cable Training Centers, Inc.*, 738 S.W.2d 886, 891 (Mo. Ct. App. 1987) (citing *Ennis v. McLaggan*, 608 S.W.2d 557, 561 (Mo. App.1980)). Consideration sufficient to support a simple contract may consist of detriment to the promisee or benefit to the promisor and it is sufficient if either exists. *Cmty. Bank of Ozarks v. McKenzie*, 90-0621-CV-W-9, 1992 WL 457513, at *6 (W.D. Mo. Apr. 6, 1992) (citing *Wells v. Hartford Acc. & Indem. Co.*, 459 S.W.2d 253, 260 (Mo. banc 1970) (internal citations omitted)).

Plaintiff filed her re-examination application with the Florida Board of Bar Examiners ("FBBE") on May 15, 2020, and a portion of the fee paid to FBBE included the $125.00 laptop fee. Plaintiff originally thought this fee was a license fee she was paying directly to ILG, which is why Plaintiff initially brought a breach of contract claim against ILG in the original Complaint. *See*, Doc. 1 at 14-15. Plaintiff's contract claim hinged on the $125.00 fee being paid directly to ILG, because otherwise, there could be no valid consideration seeing as ILG was simply performing what it was already required to do based on its independent contract with the FBBE. ILG unequivocally refuted Plaintiff's argument that the $125.00 laptop fee constituted consideration for a contract: "First, Plaintiff did not pay $125.00 to ILG. The laptop fee is collected by the FBBE. Plaintiff's payment of the laptop fee did not somehow create a contractual relationship between Plaintiff and ILG." *See*, Doc. 14 at 13. This fact is critical because it establishes that Plaintiff did not obtain any benefit from ILG for which she had not already paid and contracted with the FBBE to obtain. Plaintiff brought this fact to the Court's attention in her reply suggestions in response to the Defendant's second motion to dismiss.

*See*, Doc. 72 at 2, ¶ 3 (citing Doc. 1 at 14-15) ("In the breach of contract claim, Plaintiff alleged: "ILG became a party to the contract between Plaintiff, the FBBE, and Florida Supreme Court when Plaintiff paid the optional $125.00 laptop fee in addition to the re-examination fee on May 15, 2020, in order to use her laptop to complete the Part A portion of the July 2020 Florida Board of Bar Exam via ILG software.")). *See also*, Doc. 72 at 2, ¶ 4 ("As a result of Defendant's repeated assertions that "no Florida Bar Exam applicant is a third-party beneficiary of the contract between FBBE and ILG...[and] ILG did not have a contract with Plaintiff," Plaintiff did not include a breach of contract claim, or a third-party breach of contract claim, in the Amended Complaint[.]"). As the record demonstrates, there is nothing else that could reasonably be construed as constituting valid consideration for contract formation. Therefore, as a matter of law, a "contract" between the parties does not, and could not, exist. The Court should vacate dismissal of Plaintiff's claims and reopen the case.

### D. ILG failed to establish sufficient specification of essential terms.

Florida contracts "require… sufficient specification of essential terms." *Lutz v. LexJax, Inc.*, 3:21-CV-936-TJC-PDB, 2022 WL 2703421, at *2 (M.D. Fla. July 12, 2022). The "terms" of the alleged "contract" fail to include the most basic "building blocks" of an enforceable contract, such as representations, warranties, covenants, rights, conditions, discretionary authority, and declarations.[8] *See*, Doc. 67-1 at 28-31. The EULA does not define, or even outline, the specific obligations of each party, and does not include any details regarding the scope of work, delivery dates, payment terms, and other important information included in the most basic contractual terms. Such terms were never defined, negotiated, or even discussed between the parties. ILG failed to establish the element of "sufficient specification of essential terms" by a

---

[8] Tina L. Stark, *Drafting Contracts: How And Why Lawyers Do What They Do* 9-10 (Wolters Kluwer 2d ed. 2014).

preponderance of the evidence, and the parties never formed an enforceable "contract." The Court should vacate dismissal of Plaintiff's claims and reopen the case.

## **CONCLUSION**

For all the reasons stated herein, Plaintiff respectfully asks the Court to grant relief pursuant to Fed. R. Civ. P. 59(e), vacate the dismissal of Plaintiff's claims against ILG, reopen the case, and instruct the parties as to next steps. Plaintiff seeks any other and further relief as the Court deems just and proper.

Dated this 1st day of March, 2023.

Respectfully Submitted,

By:
Madison B. Turner
Pro Se Plaintiff
7615 SW 58th Ln
Apt. #103
Gainesville, FL 32608
(731)-446-5954
mbt16b@my.fsu.edu

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system via the EDSS feature for pro se filers which provides electronic service to Defendant's counsel.

Respectfully Submitted,

*Madison B. Turner*

By:
Madison B. Turner
Pro Se Plaintiff
7615 SW 58th Ln
Apt. #103
Gainesville, FL 32608
(731)-446-5954
mbt16b@my.fsu.edu