UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MADISON B. TURNER<br><br>Plaintiff,<br><br>v.<br><br>ILG TECHNOLOGIES, LLC,<br><br>Defendant. | Case No. 2:21-cv-04192-NKL |

## ORDER

Plaintiff Madison B. Turner moves pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend judgment (Doc. 89), and pursuant to Federal Rule of Civil Procedure 60(b)(1) for relief from final judgment (Doc. 90). For the reasons set forth below, the motions are denied.

### I. BACKGROUND

Each of Ms. Turner's three complaints in this case sought damages from ILG Technologies LLC for the cancellation by the Florida Board of Bar Examiners of the August 2020 Florida Bar Exam. Ms. Turner alleged the cancellation was caused by technical issues with ILG's bar-exam software. After the Court dismissed her second amended complaint for failure to state a claim and concluded that further amendment of the complaint would be futile, the Court entered judgment in ILG's favor. Ms. Turner seeks reconsideration of the Court's judgment.

### II. STANDARD

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation marks and citation omitted). Similarly, Rule 60(b) permits the Court, on motion, to relieve a party from a final judgment or order for mistake, inadvertence,

surprise, or excusable neglect, although the "extraordinary relief" for which Rule 60(b) provides "may be granted only upon an adequate showing of exceptional circumstances." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (quotation marks and citation omitted). In short, "[w]here the district court believes that an earlier decision was reached in error, it may revisit the decision 'to avoid later reversal.'" *Conrod v. Davis*, 120 F.3d 92, 95 (8th Cir. 1997) (citation omitted). The Court has "broad discretion in determining whether to grant a motion to alter or amend judgment . . . ." *Glob. Network Techs., Inc. v. Reg'l Airport Auth. of Louisville & Jefferson Cty.*, 122 F.3d 661, 665 (8th Cir. 1997).

### III. DISCUSSION

Plaintiff's motions are based on the following contentions: (1) ILG failed to put forth sufficient evidence to establish the existence of an enforceable "contract" between Ms. Turner and ILG, and indeed ILG's prior statements denying any contract are evidence that there was no contract; (2) the Court prevented Ms. Turner from securing evidence that would have shown the lack of a contract in discovery; (3) the Court improperly shifted the burden with regard to the establishing the existence of a contract to Plaintiff; (4) Plaintiff argued that the contract was invalid and unenforceable; (5) Plaintiff moved for, but was denied, leave to file a sur-reply to argue that the contract was invalid and unenforceable; and (5) Plaintiff presented arguments in support of each theory of duty discussed in the Second Amended Complaint. None of Plaintiff's arguments warrants reconsideration of the Court's order and judgment dismissing the Second Amended Complaint.

As a preliminary matter, a motion to dismiss is directed towards pleadings, not evidence. Plaintiff's complaints concerning her inability to procure and present evidence to substantiate her claims or discredit ILG's assertions or ILG's evidence of a contract are beside the point because such matters are not at issue when the Court is ruling on a motion to dismiss.

2

Case 2:21-cv-04192-NKL    Document 97    Filed 05/18/23    Page 2 of 6

As for the contract that ILG asserted governed the parties' relationship, the "EULA," the Court assumed that it existed not because ILG proved that it did, but because Ms. Turner did not argue otherwise. Ours is an adversarial system of litigation; if a party does not refute the opposing party's argument, then it is deemed a concession. *See, e.g., Stepps v. Bd. of Trustees of Univ. of Arkansas*, No. 4:21-CV-00986-LPR, 2022 WL 4086647, at *4 n.45 (E.D. Ark. Sept. 6, 2022) ("Defendants concede this point by failing to argue it."); *Xenia Rural Water Dist. v. City of Johnston, Iowa*, 467 F. Supp. 3d 696, 704 (S.D. Iowa 2020) ("Although Johnston asserts that it does not 'concede' the first two elements, Johnston's failure to contest the elements for purposes of summary judgment is, in effect, a concession." (citation omitted)); *Wheeler v. Carlton*, No. 3:06-CV-00068 GTE, 2007 WL 9735706, at *16 n.45 (E.D. Ark. Jan. 12, 2007) ("Plaintiff essentially concedes this point by failing to argue that the driving record is admissible as substantive evidence. Plaintiff only argues that Defendant Carlton's driving record is admissible for impeachment purposes."). Ms. Turner's failure to challenge the validity, enforceability, and applicability of the EULA in response to the motion to dismiss that asserted that the EULA controlled constituted a concession that the EULA as represented by ILG was valid, enforceable, and applicable.

Ms. Turner now argues, to the contrary, that she did in fact originally challenge the validity and enforceability of the EULA. The portion of her briefing on the motion to dismiss that Ms. Turner quotes states: "Defendant has not provided any actual records or documentation… in regards to the alleged waiver. Defendant relies on screenshots from 2022." (ellipsis in original, citing Doc. 72 at 4 n.2). Even putting aside the fact that the quoted footnote was in a section arguing that Ms. Turner had not "waived" the right to object to *venue*, and assuming that the referenced "waiver" was the EULA itself, the quoted statement does not constitute an argument

that the EULA was invalid or unenforceable. At most, the statement questions the documentation of the "waiver," but it does not deny the existence of such a waiver or agreement.

In fact, Ms. Turner affirmatively chose not to address the enforceability of the EULA in her response to the motion to dismiss. She expressly stated that she would "address[] the issues of enforceability in regards to the alleged contract agreement" in a "forthcoming Motion For Partial Summary Judgment" and that, "[t]herefore, neither Plaintiff nor the Court need to address the issue of enforceability of the purported waiver, at present, in order for the Court to render a decision on the present issue as to whether the Court should dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(6)." Ms. Turner's statement that she intended to "address" the enforceability of the EULA in a future filing makes plain that she did not contest the issue in response to ILG's motion to dismiss. Ms. Turner's mistaken assumption that she did not need to rebut arguments ILG made in its motion to dismiss does not warrant reconsideration. *See ARG Int'l, AG v. Olin Corp.*, 579 F. Supp. 3d 1122, 1124 (E.D. Mo. 2022) ("Motions to reconsider . . . cannot be used to present new arguments or evidence that could have been raised in the previous motion . . . ."). Thus, while the new arguments Ms. Turner now presents concerning Florida contract law, ILG's documentation of the purported contract, lack of documentation of her alleged acceptance, and lack of consideration might theoretically have made a difference, she did not present them, as required, when ILG filed its motion to dismiss. Now, it is too late.

Plaintiff also argues that the Court erred in concluding that she did not raise arguments in support of four out of five of her theories of duty supporting her negligence claims, pointing to the following language from her response to the motion to dismiss: "In the Second Amended Complaint, Plaintiff pleaded five theories of duty of care. *See*, Doc. 63 at 22-40. Each theory is supported by case law. The Defendant has not–and cannot–prove that all five of Plaintiff's theories

4

fail as a matter of law at this point in the proceedings." *See*, Doc. 72 at 5. Plaintiff argues that this was enough for Plaintiff to "incorporate[] by reference" the theories of duty and case law set forth in the Second Amended Complaint, and that this sufficed as a response to ILG's motion to dismiss the negligence claims for failure to allege a cognizable duty. But even if this were true, Plaintiff does not suggest, let alone explain, how any of her theories of duty would survive in the face of the EULA—the primary basis for the Court's decision dismissing the negligence claims.

Finally, Plaintiff's argument that her failures should be put down to excusable neglect and that she should be permitted another opportunity to assert her claims are unpersuasive. Ms. Turner's failure to understand the relevant legal standards and requirements and their implications do not warrant reconsideration of the Court's order dismissing the Second Amended Complaint, particularly because, although she is *pro se*, she also is a law school graduate, albeit an unlicensed one. *See, e.g., Stallworth v. New York*, No. 16CV03059PAEBCM, 2017 WL 4355897, at *13 (S.D.N.Y. July 27, 2017), *report and recommendation adopted,* No. 16CIV3059PAEBCM, 2017 WL 4342148 (S.D.N.Y. Sept. 28, 2017) ("Law school graduates are entitled to little if any solicitude." (citing cases)); *O'Brien v. Red Apple Group,* No. 97 Civ. 6378, 1998 WL 799672, at *3 (S.D.N.Y. Nov. 17, 1998) (Having attended law school and taken the bar exam, Mr. O'Brien should have more legal savvy than the average *pro se* plaintiff."); *Cooley v. Fedex Freight, Inc.*, No. 1:18-CV-372, 2020 WL 5506425, at *3 (W.D. Mich. Aug. 20, 2020), *report and recommendation adopted*, No. 1:18-CV-372, 2020 WL 5503600 (W.D. Mich. Sept. 11, 2020) ("Plaintiff, a law school graduate, is not the typical pro se plaintiff. Thus, it is questionable whether the Court should extend the traditional rules applicable to pro se litigants to Plaintiff.").

In any event, *pro se* parties are "not exempt . . . from compliance with relevant rules of procedural and substantive law." *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp.

2d 345, 348 (S.D.N.Y. 2009) (quotation marks and citations omitted); *see also Cooley*, 2020 WL 5506425, at *3 ("Plaintiff's *pro se* status does not excuse his failure to comply with applicable court rules."). Ms. Turner's *pro se* status does not entitle her to multiple bites at the apple. *See, e.g., Fillmore v. Indiana Bell Tel. Co., Inc.*, 729 F. App'x 471, 474 (7th Cir. 2018) ("The district court did not abuse its discretion when it decided that Fillmore's *pro se* status did not entitle him to another bite at the apple."); *Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011) ("Even though *pro se* litigants are held to a less stringent pleading standard than a party represented by counsel, allowing Richmond to present a new theory of the case on appeal that was not presented to the district court would permit him two bites at the apple; a practice that would be very disruptive of orderly trial procedure.").

The Court had already given Ms. Turner multiple opportunities to attempt to make a triable case against ILG. *See, e.g.,* Doc. 60 ("If, and only if, Ms. Turner can plead additional facts to address the deficiencies identified by the Court, she may file a Second Amended Complaint within 14 days of this Order."). Under the circumstances, the Court was not obligated, or indeed, even permitted, to fill in the gaps in her filings. *See, e.g., Merrell v. DeJoy*, No. 1:20-CV-129-SNLJ, 2022 WL 4986541, at *3 (E.D. Mo. Aug. 25, 2022) ("[T]his Court will not rewrite or make up arguments for pro se litigants. . . . [T]he court is not required or permitted to act as counsel for any party." (quotation marks and citation omitted)).

## IV. CONCLUSION

For the reasons discussed above, Ms. Turner's Rule 59(e) and Rule 60(b) motions, Docs. 89 and 90, are DENIED.

Dated: May 18, 2023  
Jefferson City, Missouri

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge